LOGAN WATTERS,

Plaintiff,

Case No. 25-cv-984-bhl

v.

SILGAN CONTAINERS LLC,

Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On July 9, 2025, Plaintiff Logan Watters, proceeding without an attorney, filed a complaint against his former employer, Defendant Silgan Containers LLC (Silgan). (ECF No. 1.) Watters alleges that Aaron Mancle, a plant manager, and Silgan discriminated against him on the basis of his disability. (*Id.* at 2.) Defendant has made a number of filings in response. On October 29, 2025, Defendant filed a motion to dismiss. (ECF No. 4.) On November 7, 2025, it filed a corrected motion, (ECF No. 6), and then, on January 7, 2026, it filed a 'Motion for the Court to Rule on Defendant's Motion to Dismiss," (ECF No. 9). After the third filing, the Court instructed Watters to respond by February 16, 2026 and warned that, if he failed to do so, the Court would dismiss his case for failure to prosecute. (ECF No. 10). On February 15, 2026, Watters filed a response. (ECF No. 11 at 8.) Because Watters's complaint does not state a claim, the Court will grant Defendant's motion to dismiss. The Court will also give Watters thirty days to file an amended complaint if he chooses to try to continue this action.

## BACKGROUND

Watters is a Wisconsin citizen who resides in Menomonee Falls. (ECF No. 1 at 1.) Silgan is a manufacturer that produces containers at a location in Menomonee Falls. (*Id.* at 1–2.) Watters was employed by Silgan for approximately nine years. (*Id.* at 2.) Aaron Mancle was the plant manager at the Menomonee Falls location while Watters was employed there. (*Id.*)

During Watters's employment, Mancle "sought disparate discipline" against Watters for his "known disability." (*Id.*) On September 1, 2023, Mancle "implemented a new attendance

policy which he had reason to believe would disparately impact [Watters's] employment." (*Id.*) On January 26, 2024, Watters submitted a complaint about "hostile workplace conditions, including an instance in which [Mancle] called a coworker into his office, among other management, to laugh at the way I walk." (*Id.*) Thirteen days later, Watters submitted another complaint about the attendance policy. (*Id.*) Management "refused to hear both complaints on the basis that they were just going to fire [Watters] soon[.]" (*Id.* at 2–3.)

According to Watters, Silgan terminated his employment on March 21, 2024, in violation of its policies and a collective bargaining agreement. (*Id.* at 3.) After his termination, Silgan refused to provide him with documentation related to his employment. (*Id.*) Silgan also refused to hear Watters's complaint submitted about his termination, and began to defame him. (*Id.*) Watters has been informed by "multiple employees and members of management that [Mancle] does not like [him] because other people valued [Watters's] opinions over [Mancle's], so he targeted [Watters] through malicious actions and disparate treatment." (*Id.*) Watters accuses Silgan of unspecified unlawful activities. (*Id.*)

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint must contain a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint "must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint survives a 12(b)(6) motion when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). The complaint will be dismissed if it fails to allege sufficient facts to state a claim on which relief may be granted. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Courts construe *pro se* complaints liberally. *Id.*; *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

## ANALYSIS

Watters's complaint does not refer to any federal law or specify any federal (or state law) claims that he seeks to assert against Silgan. Read generously, the complaint suggests potential claims for employment discrimination or retaliation under the Americans with Disabilities Act (ADA) along with a claim for state law defamation. Unable to be sure why it is being hailed into court, Silgan asks the Court either to dismiss Watters's claim for failing to state a claim or order Watters to provide a more definite statement of his claims. (ECF No. 6 at 6.) It points out that Watters's allegations do not include basic information covering several key aspects of his claim. (*Id.* at 1.) For example, he alleges he filed "complaints," but does not identify with whom he filed them. (*See* ECF No. 1 at 2.) Accordingly, it is unclear whether he raised issues concerning his employment with his union, with Silgan, or with some other entity like the Equal Employment Opportunity Commission (EEOC). Watters attaches a right to sue letter from the EEOC, but that letter itself does not describe anything about the charge that was dismissed, and Watters does not reference any investigation or charge in his complaint. (*See* ECF No. 1-1.) More central to his potential ADA claims, Watters also fails to identify his alleged disability. And while he raises issues with Defendant's attendance policy, he does not explain what the attendance policy was or why it would have a disparate impact on him. Nor does he allege that the attendance policy's disparate impact is even related to his disability.

To state a claim for employment discrimination under the ADA, Watters must allege facts to support an inference that (1) he is disabled within the meaning of the statute; (2) he is qualified to perform the essential functions of the job either with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Graham v. St. John's United Methodist Church*, 913 F.Supp.2d 650, 654 (7th Cir. 2012) (citing *Hoppe v. Lewis Univ.*, 692 F.3d 833, 839 (7th Cir. 2012)). A plaintiff is disabled within the meaning of the ADA if he has a physical or mental impairment that substantially limits one or more major life activities, he has a record of such an impairment, or he is regarded as having such an impairment. 42 U.S.C. §12102(1)–(3)(A). While the burden on a motion to dismiss is low, a plaintiff must at least allege that they are disabled and include allegations that the disability limited a major life activity. *Koty v. DuPage Cnty.*, 900 F.3d 515, 519 (7th Cir. 2018) (affirming district court's dismissal of a complaint that identified the plaintiff's disability but alleged only that it restricted the plaintiff from driving some cars because the complaint did not allege that the disability limited one or more

major life activities); *Pierce v. United Parce Serv.,* No. 01 C 5690, 2002 WL 992624, at *6 (N.D. Ill. May 15, 2002) (dismissing a *pro se* plaintiff's complaint for failing to identify his alleged disability, and noting that even lenient standards do not allow a plaintiff to fully omit what his disability is from a disability discrimination claim); *Boykin v. Ill. Dep't of Juv. Just.*, 23-cv-4109, 2025 WL 640050, at *5–6 (N.D. Ill. Feb. 27, 2025) (dismissing a complaint alleging disability discrimination under Section 504 of the Rehabilitation Act that described the plaintiff's shoulder injury but did not allege that it substantially limited a major life activity).

Watters's complaint fails to state a claim for employment discrimination under the ADA because he did not allege facts to support an inference that he is disabled within the meaning of the statute. He does not identify his disability or make any allegations about how it limits one or more of his major life activities; he merely states that Mancle made fun of the way he walked at some point, and that Watters made a complaint about it. (ECF No. 1 at 2.) The attendance policy is not described, and Watters does not link it to his unspecified disability. Watters must at least allege that he is disabled, identify that disability in some way, and allege facts to support an inference that it impairs one or more major life functions. *See Koty*, 900 F.3d at 519; *see also Pierce*, 2002 WL 992624, at *6.

In his briefing, Watters states that he intended his claim to be a retaliation claim, although he discusses his claim as if it were a claim for employment discrimination, not retaliation. (ECF No. 11 at 2–3.) The ADA prohibits employers from retaliating against employees who assert their rights under the act. 42 U.S.C. §12203(a). To state a claim for retaliation under the ADA, a plaintiff must allege "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse action; and (3) a causal connection between the two." *Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522,* 657 F.3d 595, 601 (7th Cir. 2011). Statutorily protected activity includes "oppos[ing] any act or practice' that the ADA prohibits, "mak[ing] a charge" or "participat[ing]" in an ADA case. 42 U.S.C. §12203(a). But Watters's complaint does not allege that he engaged in any statutorily protected activity. Even reading his complaint generously, Watters's complaints about Mancle mocking how he walked or about the attendance policy (which is not described) would not constitute "oppos[ing] an act or practice made unlawful by [the ADA.]" *See* 42 U.S.C. §12203(a). There are no allegations in the complaint to explain that the way Watters walks is related to his unspecified disability, or how the attendance policy relates to his, or anyone else's, disability. Without some facts to connect the dots, the Court cannot infer that Watters's complaints were

protected activity under the ADA. It appears that Watters made a charge related to *some* employment issue, but the Court does not know what the charge was about, which entity investigated and dismissed it, or when it was filed. (ECF No. 1-1.) Watters includes an EEOC right to sue letter which states that a "state or local fair employment practices agency" investigated and dismissed his charge but does not describe what the charge related to or when it was filed. (*Id.* at 1.) The Court cannot infer, absent other information, that the charges were filed before Watters was terminated, or that they were related to a disability in some way. The complaint, as written, does not state a retaliation claim.

Watters's remaining putative claim also fails. His defamation claim is supported only by an allegation that Silgan "began to engage in defamation towards" him. (ECF No. 1 at 3.) Without any further factual description of the alleged defamation, this claim fails. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

While Watters argues that his complaint sufficiently states a claim, he indicates a willingness to provide a more definite statement. (ECF No. 11 at 7.) In this situation, the Seventh Circuit has commented that it is often simpler to dismiss a *pro se* plaintiff's complaint with leave to amend, rather than directing a *pro se* plaintiff to submit a more definite statement. *Griffin v. Milwaukee Cnty.*, 369 F. App'x 741, 743 (7th Cir. 2010) (citing *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). The Court will adopt that approach here. Rather than asking Watters to provide a more definite statement, the Court will allow him the chance to file a new pleading curing the deficiencies identified in this Order. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Watters believes he can cure the deficiencies identified in this decision, he may file an amended complaint by June 11, 2026.

Watters's amended complaint should read like a narrative being told to someone who does not know what happened. It should specify when and where the relevant events occurred and explain what happened. Watters should consider what claims he is asserting, rather than referencing some "overwhelming volume" of potential unspecified claims against Silgan. (ECF No. 11 at 8.) It does not need to include citations to cases. The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede Watters's prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d

1054, 1056–57 (7th Cir. 1998).  If an amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Amended Motion to Dismiss, ECF No. 6, is **GRANTED**.  If Watters wishes to continue this lawsuit, he must file an amended complaint on or before **June 11, 2026.**

**IT IS FURTHER ORDERED** that Defendant's Motion for the Court to Rule of Defendant's Motion to Dismiss, ECF No. 9, is **DENIED as moot.**

Dated at Milwaukee, Wisconsin on May 12, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge